IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DARRYL DEVON GASTON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:11CV728<br>1:06CR310-1 |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner Darryl Devon Gaston, a federal prisoner, has brought a Motion (Docket Entry 76)[1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was indicted on one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j) and 924(a)(2), and six counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (Docket Entry 18.) He went to trial and was convicted of all charges. (Docket Entry 28.) Petitioner received concurrent sentences of 235 months for each of his seven drug convictions and a concurrent sentence of 120 months for the firearm conviction. (Docket Entry 34.) Following an unsuccessful direct appeal, he filed his current Motion under § 2255. Respondent has filed a Response (Docket Entry 87), Petitioner has filed a Reply (Docket Entry 89) and Memorandum (Docket Entry 90), and

---

[1]This and all further cites to the record are to the criminal case.

Petitioner's Motion is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.[1]

### Petitioner's Claims

Petitioner raises three claims for relief in his § 2255 Motion. The first of these alleges that Petitioner's trial counsel provided ineffective assistance of counsel because he: 1) failed to file any pretrial motions, 2) did not move for a continuance, but instead proceeded to trial in a short time, 3) did almost no pretrial preparation, 4) failed to call several relevant defense witnesses, and 5) did not properly cross-examine the Government's witnesses. (Docket Entry 76, § 12(A).) Claim Two alleges that trial counsel additionally provided ineffective assistance when he failed to "provide the [Petitioner] with the presentence investigation report prior to sentencing." (*Id.*, § 12(B).) He adds that the sentencing judge also did not ask him whether he had a chance to read that report with his attorney. Finally, Claim Three asserts ineffective assistance of appellate counsel because his attorney "abandoned multiple valid issues on appeal" and did not inquire about the issues raised in Petitioner's second claim for relief. (*Id.*, § 12(C).)

### Discussion

Most of Petitioner's claims allege ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's

---

[1] Petitioner has also filed two motions to compel ruling (Docket Entries 102 and 107) on his Motion to vacate, set aside or correct sentence (Docket Entry 76) in which he moves the Court to (a) schedule a hearing on his Section 2255 Motion, (b) order the Government to respond, and/or (c) appoint an attorney. In light of the instant Recommendation, Petitioner's motions to compel ruling will be denied as moot.

2

performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Petitioner also alleges ineffective assistance on appeal. Such claims are judged using the *Strickland* test set out previously. *See Lawrence v. Branker*, 517 F.3d 700, 708-09 (4th Cir. 2008). Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *see also Smith v. Murray*, 477 U.S. 527, 534 (1986); *Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel pursued sound strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Winnowing out weaker arguments to press forward with more important points is part of effective appellate advocacy. *Jones*, 463 U.S. at 751-52. Prejudice can be shown by demonstrating that "'counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" *Bell v. Jarvis*, 236 F.3d 149, 180 (4th Cir. 2000) (quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994)).

Petitioner's first allegation of ineffective assistance is that his trial attorney did not file any pretrial motions. From the record before the Court, this allegation appears to be true. No motions are present in the record. However, this does not establish ineffective assistance. Petitioner has not even suggested which motions could or should have been filed, much less explained how his case was prejudiced by counsel's decision not to file them. His allegation is entirely conclusory and should be denied for that reason.

Petitioner next contends that counsel did not seek a continuance, but instead proceeded to trial in a very short time. It is again true that counsel did not seek a continuance. However, counsel entered his appearance in the case on September 13, 2006, and the trial did not begin until January 16, 2007, or approximately four months later. It is questionable as to whether or not four months could be described as a short amount of time, but, even if it could, Petitioner again makes no allegation that would demonstrate prejudice. This claim should also be denied.

Petitioner states that counsel did almost no pre-trial preparation. This assertion, as with his first two, is conclusory and lacks an allegation of prejudice. Assuming purely for the purposes of deciding Petitioner's Motion that counsel really did do almost no pretrial preparation, Petitioner would still need to show how that lack of preparation harmed him. He has not even begun to explain this. This claim too should be denied.

Petitioner next states that counsel failed to call relevant witnesses. Petitioner has not identified these witnesses, shown that they were available, provided any evidence of what "relevant" testimony they would have been willing to give, or explained how their absence

4

hurt his case. Again, his claim is conclusory, particularly as to prejudice, and should be denied.

Petitioner also alleges that his attorney did not properly cross-examine the Government's witnesses, even though they were impeachable. As Respondent points out in its Response, counsel did cross-examine the Government's witnesses. Petitioner cites to no specific errors with the cross-examination that was conducted and provides no other questions that should have been asked. His claim is nothing but a conclusion, and it should be denied for that reason.

Petitioner's last allegation concerning his trial counsel is that his attorney did not provide him with the presentence report "prior to sentencing." It is not clear from Petitioner's phrasing whether or not a copy was provided to him at sentencing and, if so, whether he had the opportunity to review it and discuss any questions or objections with his attorney. However, even if he did not, he again points to no prejudice. He has not claimed that any portion of the Presentence Report (PSR) was inaccurate, that grounds existed for any objection that was not made, or that any objection that was made was not properly handled because of his lack of a chance to review the PSR. As with all of Petitioner's other allegations of ineffective assistance by trial counsel, Petitioner has not set out any claim of prejudice. This claim too should be dismissed.

Petitioner's remaining claims of ineffective assistance of counsel are that his appellate attorney abandoned "multiple valid issues" and that he did not investigate or raise any issue regarding Petitioner's presentencing access to the PSR and/or the trial judge's failure to ask

5

whether or not he had an opportunity to review the PSR with counsel. Clearly, the "multiple valid issues" argument is yet another conclusory statement for which Petitioner provides no basis. It fails for that reason.

Petitioner's other allegation, that appellate counsel did not investigate or raise the issues regarding the PSR, relates to Petitioner's only claim that does not rely on ineffective assistance, which is that the sentencing judge did not inquire as to whether he had reviewed the PSR with counsel. It is clear from the record that the sentencing judge did not make that inquiry, which is required by Fed. R. Crim. P. 32(i)(A). (Docket Entry 54.) Instead, the sentencing hearing began and quickly moved into the litigation of objections raised by Petitioner's attorney. The inquiry was not made, but Petitioner's attorney did not object or point this out so that the error could be cured at sentencing. For that reason, if Petitioner's appellate attorney had raised the claim, it would have been subject to plain error review. *United States v. Promise*, 255 F.3d 150, 153-54 (4th Cir. 2001). Petitioner would have needed to show that the error occurred, that it was plain or clear, and that it affected his substantial rights. He could only accomplish this last task by demonstrating that it "'actually affected the outcome of the proceedings." *Id.* at 160 (quoting *United States v. Hastings*, 134 F.3d 235, 240 (4th Cir. 1998)). As with his other claims, Petitioner has not even attempted to explain how the outcome of his sentencing was affected or how his appellate attorney could have shown that it was affected. This means that Petitioner also cannot demonstrate that his attorney provided ineffective assistance of counsel on appeal by not investigating or raising

6

the claim or that he was prejudiced by the failure to raise it. His remaining ineffective assistance claim should be denied.

Petitioner's substantive claim that the sentencing judge erred in not making the Rule 32 inquiry should be denied for similar reasons. That claim is procedurally barred because it was not raised on appeal. This means that Petitioner would have to establish cause and prejudice in order to even have the claim considered. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Prejudice, therefore, remains the insurmountable hurdle for Petitioner. Even if the claim were considered on the merits, Petitioner still cannot show prejudice, which he would need to do in order to be entitled to relief. *United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001) (failure to make Rule 32 inquiry not a structural defect requiring automatic reversal, appeal denied where no prejudice shown). This claim, along with Petitioner's entire § 2255 Motion, should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motions to Compel Ruling (Docket Entries 102 and 107) on Petitioner's Motion to vacate, set aside or correct sentence (Docket Entry 76) are **DENIED** for being moot.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to vacate, set aside or correct sentence (Docket Entry 76) be denied and that this action be dismissed.

_____
Joe L. Webster
United States Magistrate Judge

March 28, 2013

7