IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DARRYL DEVON GASTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:13CV771 |
| v. ) | 1:06CR310-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a Document (Docket Entry 125) entitled as a civil action seeking habeas relief based on a lack of personal jurisdiction. In it he seeks to attack the conviction or sentence he received in this Court. He also filed a similar Motion to Abate for Lack of Subject Matter Jurisdiction (Docket Entry 126). The documents he filed are not a recognizable method for attacking his conviction or sentence. Instead, the proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For this reason, the Court will construe first submission as such a motion and file his second submission as an associated motion. Unfortunately, the Motion cannot be further processed because Court records reveal that Petitioner previously attacked the same conviction and sentence in a prior §2255 Motion (1:11CV728). Consequently, Petitioner must move in the Fourth Circuit Court of Appeals for an order

authorizing this district court to consider the current Motion. This is required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244. See AO 243 (MDNC 10/07), Instructions, ¶ (4), which is enclosed. Because of this pleading failure, this particular Motion should be filed and then dismissed.

Petitioner also filed a Motion for Appointment of Counsel (Docket Entry 128) and Amended Motion for Appointment of Counsel (Docket Entry 129). The original Motion was administratively terminated, but the Amended Motion remains pending. In considering this request, the Court notes first that there is no constitutional right to appointed counsel in a habeas case. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further"); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) ("[A] petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction."); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) (noting that "the Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255"). Under 28 U.S.C. § 2255 and 18 U.S.C. § 3006A, the Court, in its discretion, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Having reviewed Petitioner's request for counsel and the record in this matter, the Court does not

-2-

Case 1:06-cr-00310-WO   Document 130   Filed 10/01/13   Page 2 of 3

find that appointment of counsel is required by the interests of justice or otherwise in light of the successive nature of Petitioner's filings. Therefore, Petitioner's request for counsel will be denied. Should Petitioner receive permission to file a second § 2255 Motion and the Court later determine that discovery or an evidentiary hearing is necessary, or that the interests of justice otherwise require, the Court will appoint counsel at that time.

IT IS THEREFORE RECOMMENDED that this action be filed and then dismissed *sua sponte* for failure to obtain certification for this § 2255 application by filing a Motion for Authorization in the court of appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 motions in this Court and Motions for Authorization in the court of appeals, and four copies of § 2255 motion forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2255 motion which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

IT IS FURTHER ORDERED that Petitioner's Amended Motion for Appointment of Counsel (Docket Entry 129) is DENIED.

This, the 1st day of October, 2013.

_____
Joe L. Webster
United States Magistrate Judge

-3-