IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DARRYL DEVON GASTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:15CV1031 |
| v. | ) | 1:06CR310-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a "Motion to Dismiss Criminal History Enhancement Pursuant to 18 U.S.C. § 3742" [Doc. #165] in which he attacks his sentence or conviction in this Court. The statute Petitioner cites deals with direct appeals and sentencing after remand on direct appeal. It does not allow the Court to simply resentence a defendant at any point. Because post-conviction challenges must ordinarily be brought as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, the Court docketed Petitioner's filing as such a Motion for administrative purposes. However, it still cannot be further processed because it was not submitted on the proper § 2255 form. Because of this pleading failure, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defects of the present Motion.

To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow. Also, because Petitioner previously attacked the same conviction and sentence in a prior § 2255 Motion

(Case No. 11:CV728), he must move in the Fourth Circuit Court of Appeals for an order authorizing this district court to consider the current Motion under § 2255. See 28 U.S.C. § 2255; 28 U.S.C. § 2244. In the alternative, Petitioner may file a Petition under 28 U.S.C. § 2241 seeking to challenge the validity of his conviction or sentence if he can establish that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (providing that a petitioner may satisfy the "savings clause" of § 2255 by showing that (1) at the time of his conviction, the settled law of the applicable circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted was deemed not to be criminal; and (3) he could not satisfy the gatekeeping provisions of § 2255 because the new rule was not one of constitutional law).

Finally, following the filing of Petitioner's § 2255 Motion, Petitioner apparently observed on the docket sheet that the Court docketed his Motion as one under § 2255. He then responded by filing what is titled as a "Motion for Voluntary Dismissal of § 2255" [Doc. #168]. In that Motion, he states that he wants the Court to dismiss the § 2255 Motion. Ordinarily, he would have a right to dismiss that Motion if he chose. However, he goes on to argue at length that the Court should not have treated his filing as one under § 2255, that his rights have been violated, and that the Court should not only dismiss the § 2255 Motion, but grant him relief under 18 U.S.C. § 3742. Therefore, the filing is not truly attempt at

2

dismissal, but is yet another effort by Petitioner to avoid the problems with filing a successive § 2255 and have his claims heard in some other way. This is not proper. As noted above, 18 U.S.C. § 3742 provides for review by the Court of Appeals on direct appeal, and does not provide this Court with the ability to review the conviction or sentence in Petitioner's case. Instead, the challenge to Petitioner's conviction or sentence, including for ineffective assistance of counsel and substantive due process violations, must be brought under 28 U.S.C. § 2255 or § 2241. Therefore, the Motion for Voluntary Dismissal should itself be treated as part of the pending § 2255 Motion and dismissed on the same terms.

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 motions in this Court and Motions for Authorization in the Court of Appeals, and four copies of § 2255 motion forms (more copies will be sent on request).

IT IS RECOMMENDED that Petitioner's "Motion to Dismiss Criminal History Enhancement Pursuant to 18 U.S.C. § 3742" [Doc. #165] be treated as a Motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, that the arguments contained in Petitioner's "Motion for Voluntary Dismissal of § 2255" [Doc. #168] be treated as part of

3

the § 2255 Motion, and that this entire action be dismissed *sua sponte* without prejudice to Petitioner filing a corrected motion on the proper forms as set out herein.

This, the 28th day of April, 2016.

    /s/ Joi Elizabeth Peake    
United States Magistrate Judge
